BOYD, Justice.
We have for review Order No. 5373 of the Public Service Commission dated April 4, 1972, authorizing Modern Pollution Control, Inc., to provide water service in an area over which the City of Hollywood, as petitioner, alleges that it has exclusive control. It is the contention of the City that the Public Service Commission exceeded its authority by assigning a portion of the City’s territory to Modern.
By Order No. 3206, 1961, the Florida Railroad and Public Utilities Commission assigned the area in question to Western Water Company, Inc., and in 1962 the Commission issued a certificate of public convenience and necessity to Western relating to the area. In 1965, by Order No. 3928, the Public Service Commission relinquished regulatory jurisdiction over the area pursuant to Chapter 367, Florida Statutes, F.S.A., because the City had purchased the water system and rights to serve the area from Western.
On April 4, 1972, pursuant to an application from Modern, the Commission entered Order No. 5373, assigning a substantial portion of the area to be serviced by the City to Modern. This Order, which is the object of the present dispute, provided in part:
“The evidence reveals substantial development taking place in that portion of Section 3 outside the city limits of Davie and West of Davie Road Extension. Because of this need, the health department has approved the construction of a water plant to fill this need for service. The examiner . . . recommends that Modern Pollution Control, Inc. be granted that portion of Section 3 applied for not being served by the City of Hollywood and we agree. Mr. Alex Jerni-gan, consulting engineer on water and sewer matters for the City of Hollywood testified as to the location of water lines and customers being served by the City of Hollywood. The City of Hollywood was sent notices of all hearings on these *528 dockets. Mr. Jernigan testified that the City did not oppose the application of Modern Pollution Control, Inc., except where the City was providing or proposing to provide service and indicated those areas. * * * Numerous opportunities had been available for the City to become a party to these proceedings to prove they have the capacity to provide the needed service. For reasons unknown to us, they have chosen not to do so. We believe the health department in granting the construction of a water plant in this area necessarily took into consideration the availability of service from other sources. We believe that service is needed and that Modern Pollution Control, Inc., has proven its ability to provide these services.”
Modern contends that the City is estopped from questioning its right to provide services in the disputed area in view of the fact that notice was given to the City, the City failed to appear or object, and in reliance upon the certificate issued by the Commission Modern has constructed expensive plants and facilities in the territory and commenced providing services. Modern, however, overlooks Fla.Stat. § 367.131, F.S.A., which provides:
“Any utility, or any person in interest, dissatisfied with any order of the commission may have it reviewed by the Supreme Court by certiorari.”
Reading the above provision in pari materia with § 367.041 (4) (a)-(b), providing for notice by mail or personal delivery to each utility within ten miles from an applied for territory and the County Commissioners of the County affected, and by publishing each week, for three consecutive weeks, in a newspaper of general circulation in the territory involved, it is apparent that to apply an estoppel theory to the City in this case would require the application of an estoppel theory in virtually all cases where a utility, county commission, or person in interest fails to appear before the Public Service Commission to contest a proposed order. To add such a limitation to § 367.131 would do violence to the intent of the Legislature. While the testimony of the City’s consulting engineer to the effect that the City had no objections to the application of Modern may be a basis for an estoppel theory under appropriate circumstances, the record is insufficient to determine whether the engineer had the authority to bind the City with such a statement in this case.
Turning to the validity of the Commission’s Order, it is the contention of the City that the Order is unlawful because it is in violation of Fla.Stat. § 367.022(2), F. S. A., which provides in pertinent part:
“The following are not subject to regulation by the commission as a utility:
sfc jjs ‡ í}í
“(2) Systems owned, operated, managed or controlled by governmental agencies.”
It is the position of the City that the Order in question is an indirect attempt to regulate a system owned, operated, managed or controlled by a governmental agency.
We do not think the Legislature intended the above statute to prohibit the Public Service Commission from authorizing water services to the public in this unincorporated area, however. Both the City and state governmental authorities must work for the public good and cooperation between them is essential. While the Commission is prohibited from asserting regulatory jurisdiction over the City it is at the same time given jurisdiction over the issuance of certificates authorizing a utility to provide water services to the public. This is so even where to do so will create competition with, or duplication of, any other system, if the Commission determines that such other system is inadequate to meet the reasonable needs of the public or where “the person operating the system is unable or refuses or neglects, after hearing on reasonable notice to provide reasonably adequate service.”
*529 The Commission’s Order is not an attempt to regulate the operation of the City’s water service. The Commission is attempting to provide water services to meet the public needs of this unincorporated area. Under these circumstances, any regulatory effect, and the City has not attempted to show any, is so indirect as to he overcome by the needs of the public.
We find no violation of the essential requirements of law. Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.